UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



NATHANIEL E. DOZIER, JR.,

Plaintiff,

v.

JERRY SKALSKY,

Defendant.

Action No. 3:09–CV–15

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant's Motion to Dismiss (Doc. No. 6), filed February 3, 2009, and Plaintiff's Motions for Leave to File Third Amended Complaint (Docket Nos. 14 and 24), filed March 11, 2009 and April 2, 2009.  For the reasons that follow, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Motions to Amend are DENIED.

## I. BACKGROUND

In 2006, Nathaniel E. Dozier, Jr. ("Dozier"), purchased property in Prince George County's River District.  According to Dozier, the property was located in an "Enterprise Zone" and had been set aside for state and local incentives for business use by the local government and the Commonwealth of Virginia.  On April 19, 2007, Dozier petitioned the County of Prince George ("County") for a zoning ordinance amendment to have approximately thirty acres of his property re-zoned from "R-A, Residential-Agriculture" to "B-1, General Business."  Dozier simultaneously filed a Special Exception application to

1

allow for the operation of a hotel once the property was re-zoned for general business purposes. The County Planning Commission, whose findings are taken into account by the Board of Supervisors ("Board"), unanimously approved both applications on July 26, 2007. (2d. Am. Compl. 1.)

On November 7, 2007, the Board held a public hearing to vote on the zoning ordinance amendment and Special Exception petition. Plaintiff states that he felt intimidated by the atmosphere at the meeting due to "an unusually high presence of police officers . . . reminiscent of the Jim Crow era. . . ." (*Id*. 1–2.) Jerry J. Skalsky ("Skalsky") serves as the Vice-Chairman of the Board, and allegedly owns land in Prince George County near the property for which Dozier petitioned a zoning ordinance amendment.[1] Dozier alleges Skalsky's fellow board members knew of Skalsky's personal interest in the property.

After the Board questioned Dozier on his plans for the property, a Board member noted that Dozier's presentation was incomplete and moved to table the matter until Dozier could provide a comprehensive plan.[2] The Board of Supervisors denied the motion by a vote of three to two. Skalsky then moved to deny Dozier's petition, but Dozier instead asked the Board of Supervisors for a deferral to provide him time to address their concerns regarding the proposed project at a future Board meeting. The Board denied Dozier's

---

[1]   Skalsky's brother, Charles Skalsky, also allegedly owns land in Prince George County near the proposed development site. (2d. Am. Compl. 1.) Dozier states that Charles Skalsky openly protested against the project in front of witnesses at the County Planning Commission meeting. (*Id.*)

[2]   A major concern at the meeting was Plaintiff's development encroaching on the water rights of the CrossPointe Centre, a site in the same proximity as Plaintiff's property. (2d. Am. Compl. 1.)

2

deferral request and subsequently denied the zoning ordinance amendment application by a vote of four to one. (2d. Am. Compl. 1; Pl.'s Resp. to Mots. & Brs. 5.)[3] Plaintiff withdrew his petition for a zoning ordinance amendment on October 24, 2008.

Less than thirty days after the Board denied Plaintiff's proposal, it announced construction approval for Rolls Royce to build a state-of-the-art aeroengine facility at the CrossPointe Centre. (Pl.'s Resp. to Mots. & Brs. 6.)  Plaintiff alleges that Skalsky was involved in giving Rolls Royce $56.8 million in incentives and permission to build a daycare center, swimming pool, and fitness center on the site with no apparent restrictions or concerns regarding water tabulations and usage. (Id.)  As a result, on January 7, 2009, Dozier filed a Complaint in this Court against Skalsky.  The Complaint alleges that in connection with legislative action, Skalsky (1) participated despite a conflict of interest under the Virginia State and Local Government Conflict of Interest Act, Va. Code Ann. §§ 2.2-3100–31 (2008) (Count I), (2) improperly denied Plaintiff's zoning ordinance amendment petition (Count II), and (3) violated antitrust law through intimidation tactics, ignoring findings by the Planning Commission, denying Plaintiff's deferral request, and allowing development on an adjacent property (Count III).[4]  Plaintiff's Complaint was amended on January 9, 2009, and again on February 20, 2009; Plaintiff has now requested leave to file a third amended complaint.

---

[3]     Denial of the zoning amendment application excluded the need to conduct a vote on the Special Exception application.

[4]     For clarity purposes, the counts have been construed from Plaintiff's general allegations.

3

## II. MOTION TO DISMISS

### A. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction questions the court's "power to act." Nelson v. U.S. Postal Serv., 189 F. Supp. 2d 450, 454 (W.D. Va. 2002). Rule 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. A.W. ex rel. Wilson v. Fairfax County Sch. Bd., 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). If a defendant challenges subject matter jurisdiction under Rule 12(b)(1), the plaintiff "bears the burden of proving that subject matter jurisdiction exists in federal court." Meredith-Clinevell v. Dep't of Justice, 344 F. Supp. 2d 951, 953 (W.D. Va. 2004). A court should not grant a Rule 12(b)(1) motion to dismiss unless "'the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Meredith-Clinevell, 344 F. Supp. 2d at 953 (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

### B. Discussion

In short, the pleadings demonstrate that this Court lacks both diversity and federal question jurisdiction. First, diversity of citizenship cannot exist because all the parties are domiciled in Virginia. See 28 U.S.C. § 1332 (2006). The Court next looks to see if the Complaint presents a "civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). The only conceivable violation of a federal law exists in Count III, where Plaintiff asserts that Skalsky "violated the Anti-trust Act in efforts [sic] of controlling and monopolizing the trade area and placing [him] in competition for

4

water resources with the neighboring" CrossPointe Center project. (2d Am. Compl. 1.) However, this is the extent of Plaintiff's antitrust allegation, and as Plaintiff has failed to state whether he is alleging violations of Virginia's Antitrust Act or the Sherman Antitrust Act, this Court declines to conjure up a reason to exercise jurisdiction. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that despite the Court's mandate to construe pro se pleadings liberally, "courts are not required to 'conjure up questions never squarely presented to them.'"). Accordingly, no subject matter jurisdiction exists.

Plaintiff acknowledges this deficiency in his response to the Motion to Dismiss and, therefore, initially asked this Court to "transfer this matter to state court where all claims can be heard, with out [sic] prejudice." (Pl.'s Resp. Mot. Dismiss 1.) However, the Court cannot grant such a request because this case was not removed from state court; Plaintiff filed it here in the first instance. See McLaughlin v. Arco Plymers, Inc., 721 F.2d 426, 429 (3d Cir. 1983). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. MOTION TO AMEND

Plaintiff, after acknowledging the jurisdictional defect in the Complaint, also asked this court for leave to file a "Third Amended Complaint." Plaintiff submitted neither the proposed amendment nor a brief in support of the Motion for Leave to Amend at the time he submitted the Motion.

Subsequently, on April 21, 2009, Plaintiff submitted a "Proposed Third Amended Complaint." In that document, filed nineteen days after he filed his initial Motion for Leave to Amend, Plaintiff states, in relevant part:

5

It is also in my strongest opinion and belief that racial discrimination played a key factor in my zoning case. The all male Caucasian board members to include Jerry J. Skalsky showed very little tolerance or support for me as I appealed before them in hopes of opening a prosperous local business. In fact, the laundry list of requests that were given was in the past not required for similar zoning cases to include Rolls Royce. The humiliation that was experienced as well as the intimidation [sic] statements the [sic] were made set the stage for a 1940's to 1950's setting. . . . It is at this time that I am requesting the United States District Court to address the racial discrimination, unethical and conflict of interest issues that have transpired with the above named County officials.

(Pl.'s Proposed 3d Am. Compl. 1-2 (emphasis added).)

## A. Legal Standard

After the opposing party has filed a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has recognized the Supreme Court's mandate for "a liberal reading of the rule's direction for 'free' allowance: motions to amend are to be granted in the absence of a 'declared reason' 'such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of amendment, etc." Ward Elecs. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)). "[T]he fact that an amendment changes the plaintiff's theory of the case will not suffice as a reason for denial [of a motion to amend] absent a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion." Ward, 819 F.2d at 497. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims

6

on the merits.'" <u>Foman</u>, 371 U.S. at 182.

However, "[a] court should deny a motion to amend as futile if the amended

complaint could not survive a motion to dismiss for failure to state a claim." <u>Cappetta v. GC</u>

<u>Servs. Ltd. P'ship</u>, No. 3:08CV288, 2009 WL 482474, at *4 (E.D. Va. Feb. 24, 2009)

(citing <u>Perkins v. United States</u>, 55 F.3d 910, 917 (4th Cir. 1995); <u>Glick v. Koenig</u>, 766 F.2d

265, 268-69 (7th Cir. 1985); <u>Cominelli v. Rector & Visitors of the Univ. of Va.</u>, 589 F. Supp.

2d 706, 712 (W.D. Va. 2008); <u>Donaldson v. U.S. Dep't of Labor</u>, 930 F.2d 339, 349 (4th

Cir. 1991)). The Supreme Court advises that "[l]abels and conclusions will not do." <u>Bell</u>

<u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959 (2007). The Complaint

must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>,

127 S. Ct. at 1965.

## B. Discussion

The Court notes that it found Defendant's arguments regarding the proposed

amendment unpersuasive.[5] Nothing in the pleadings demonstrates that the Defendant

would be subjected to undue delay or prejudice were the amendment permitted. Similarly,

the Court cannot find that Plaintiff has acted in bad faith or with an improper motive. These

conclusions notwithstanding, the Court does find that the Proposed Third Amendment

---

[5]     Defendant argues that Plaintiff's Motion for Leave to Amend should be denied
because (1) Plaintiff failed to attach the proposed Second Amended Complaint or a brief in
support of the Motion, (2) the proposed amendment would state an entirely new cause of
action, (3) the proposed amendment subjects them to undue prejudice and delay, and
(4) the proposed amendment demonstrates bad faith or an improper motive. (Def.'s Mem.
Opp'n Pl.'s Mot. Leave File 3d Am. Compl. 2-4.)

Complaint fails for futility; it lacks factual allegations sufficient to state a claim for relief that this Court can grant.

Asking for leave to amend, Plaintiff states he "was able to conclude additional research to include a review of all minutes from the Board of Supervisors' Meeting [sic] regarding the Plaintiffs [sic] zoning cases as well as the review of the poor audio recordings that were provided." (Mot. Leave File 3d Am. Compl. ¶ 4.) Moreover, Plaintiff states he "was able to consult with witnesses that were Present [sic] at the meeting and who will be able to confirm and testify to the plaintiff's allegation of racial discrimination." (Id.) What Plaintiff fails to do, however, is to provide any factual allegations that "nudge[]" his claim that racial discrimination played a role in the Board's decision on November 7, 2007 "across the line from conceivable to plausible." Twombly, 127 S. Ct. at 1974. Looking at the proposed amendment, the totality of the bases for Plaintiff's race discrimination claim are (1) Plaintiff's "strongest opinion and belief that racial discrimination played a key factor" in the Board's decision; (2) "[t]he all male Caucasian board members . . . showed very little tolerance or support"; and (3) "[t]he humiliation that was experienced as well as the intimidation [sic] statements the [sic] were made set the stage for a 1940s to 1950s setting." (Proposed 3d Am. Compl. 1.) Only one of these statements can be considered a factual allegation. The rest are opinions. In essence, the proposed amendment in its current state simply adds Plaintiff's opinions and conclusions, lacking sufficient factual allegations, as an unavailing appendage to the gravamen of his claim: that Jerry Skalsky acted unethically and unlawfully when he participated in the Board Meeting and chose to deny Plaintiff's proposal.

8

Furthermore, Plaintiff does not specify what right has been infringed on or the basis of the alleged right. "It is settled law that the allegations of [a pro se] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers. . . .'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Thus, "[a] document filed pro se is 'to be liberally construed . . . .'" Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). Despite any liberal construction of pro se pleadings, "courts are not required to 'conjure up questions never squarely presented to them.'" Adkins v. Mathews, Nichols & Assocs., LLC, No. 5:08CV00001, 2008 WL 565101, at *2 (W.D. Va. Feb. 29, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)). Moreover, pro se pleadings are not exempted from the Federal Rules and the case law interpreting them. Rule Eight requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. . . ." Fed. R. Civ. P. 8(a). Plaintiff has failed to include all but "a demand for the relief sought"—that is, "$75,000,000.00. This simply will not do.

In brief, even if the Court allowed the proposed amendment, it could not withstand a motion to dismiss under the requirements of Rule 8 and Twombly. As such, the proposed amendment, as presented at this time, would be futile, and the Court does not abuse its discretion in denying Plaintiff leave to amend. Cappetta, 2009 WL 482474, at *4; Perkins, 55 F.3d at 917; Glick, 766 F.2d at 268-69; Donaldson, 930 F.2d at 349; Cominelli, 589 F. Supp. 2d at 712.

9

## V. CONCLUSION

For the foregoing reasons: (1) Defendants' Motion to Dismiss is GRANTED.

Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE having failed to

establish subject matter jurisdiction; (2) the Motion for Leave to File Third Amended

Complaint is DENIED because the proposed amendment, as submitted, is insufficient as a

matter of law failing to state a claim for which this Court can grant relief.

It is SO ORDERED.

> /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this 28th day of April 2009

10